IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JESSICA GARAY<br>    Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§<br>§ | CIVIL ACTION NO. 7:16-CV-00031<br>(JURY REQUESTED) |
| DONNA INDEPENDENT SCHOOL DISTRICT<br>    Defendant | §<br>§ | |

**DEFENDANT DONNA INDEPENDENT SCHOOL DISTRICT'S
ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT
SUBJECT TO 12(b)(6) MOTION TO DISMISS**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant DONNA INDEPENDENT SCHOOL DISTRICT, Defendant in the above-styled and numbered cause, and Subject to Defendant's 12(b)(6) Motion to Dismiss, files this its Answer to Plaintiff's Original Complaint and would respectfully show the Court the following:

**I.**

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

1. Defendant denies the allegations in paragraph 1 of Plaintiff's Original Complaint.

2. Defendant admits the allegations in paragraph 2.1 of Plaintiff's Original Complaint.

3. Defendant admits it is a political subdivision of the State of Texas and that it has appeared in this cause.

4. Defendant admits the allegations contained in paragraph 3.1 of Plaintiff's Original Complaint with respect to the U.S. District Court for the Southern District of Texas, McAllen Division.

5. Defendant denies the allegations contained in paragraph 4.1 of Plaintiff's Original Complaint.

6. Defendant denies the allegations contained in paragraph 4.2 of Plaintiff's Original Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief about the allegations in paragraph 4.3 of Plaintiff's Original Complaint.

8. Defendant denies the allegations in paragraph 4.4 of Plaintiff's Original Complaint.

9. Defendant denies the allegations in paragraph 4.5 of Plaintiff's Original Complaint.

10. Defendant denies the allegations in paragraph 4.6 of Plaintiff's Original Complaint.

11. Defendant denies the allegations in paragraph 4.7 of Plaintiff's Original Complaint.

12. Defendant denies the allegations in paragraph 4.8 of Plaintiff's Original Complaint.

13. Defendant denies the allegations in paragraph 4.9 of Plaintiff's Original Complaint.

14. Defendant denies the allegations in paragraph 5.1 of Plaintiff's Original Complaint.

15. Defendant admits the allegations in paragraph 5.2 of Plaintiff's Original Complaint.

16. Defendant denies the allegations in paragraph 5.3 of Plaintiff's Original Complaint.

17. Defendant denies the allegations in paragraph 5.4 of Plaintiff's Original Complaint.

18. Defendant denies the allegations in paragraph 5.5 of Plaintiff's Original Complaint.

19. Defendant denies the allegations in paragraph 6.1 of Plaintiff's Original Complaint.

20. Defendant denies that Plaintiff is entitled to the relief requested in paragraph 6.2 of Plaintiff's Original Complaint.

21. Defendant denies the allegations in paragraph 6.3 of Plaintiff's Original Complaint.

22. Defendant admits the assertion in paragraph 6.4 of Plaintiff's Original Complaint.

23. Defendant denies Plaintiff is entitled to the relief requested in the Prayer of Plaintiff's Original Complaint.

## II.
## AFFIRMATIVE DEFENSES

24. Defendant asserts that in the event it is found to be a prevailing party, it is entitled to reasonable attorney's fees and costs at the discretion of the court.

25. Defendant asserts it is entitled to sovereign immunity from the claims raised by Plaintiff and that such immunity has not been waived.

26. Defendant would affirmatively assert that Plaintiff cannot recover in her claims against Defendant because no policy, custom or practice having a causal relation to the alleged conduct complained of by Plaintiff has been adopted or promulgated by Defendant.

27. Defendant asserts that Plaintiff's claims as plead for alleged violations of Plaintiff's rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution are barred against Defendant.

28. Defendant asserts that it had no knowledge of the precise instance of any abuse giving rise to Plaintiff's alleged claims and had no actual knowledge of any substantial risk that an abuse would occur with respect to Plaintiff.

29. Defendant asserts that it at no time acted with deliberate indifference as alleged by Plaintiff.

30. Defendant asserts that no employee of Defendant with supervisory authority over Arturo Castillo acted with deliberate indifference as alleged by Plaintiff.

## VIII.
## JURY DEMAND

31. Defendant respectfully requests a trial by jury.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant DONNA INDEPENDENT SCHOOL DISTRICT prays that Plaintiff take nothing from this suit, that it be dismissed from this cause of action, that it recover its courts costs and attorneys' fees associated with prosecuting this matter, and that the court grant Defendant such other and further relief to which it may be entitled to, either at law or in equity.

Signed on February 26, 2015.

Respectfully submitted,

**ESPARZA & GARZA, L.L.P.**
964 E. Los Ebanos
Brownsville, Texas 78520
Telephone:    (956) 547-7775
Facsimile:    (956) 547-7773

By: /s/ Eduardo G Garza
     Eduardo G Garza
     State Bar No. 00796609
     USDC Adm. No. 20916
     Roman "Dino" Esparza
     State Bar No.  00795337
     USDC Adm. No. 22703
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2016, pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served on the attorneys listed below by Defendant's submission of this document to the U.S. District Court electronically to the DCECF system.

Ricardo A. Garcia
GARCIA, OCHOA & MASK, L.L.P.
820 S. Main
McAllen, Texas 78501

    /s/ Eduardo G Garza
     Eduardo G Garza